UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS

COVER SHEET
TO MOTION TO CONFIRM ARBITRATION AWARD

RANCE MAGEE & MICHELLE MAGEE, ET AL,    5-19MC0017-H

PETITIONER(S)

v.    COVER SHEET TO
MOTION TO CONFIRM ARBITRATION AWARD

MR. COOPER, ET AL.

RESPONDENT(S)

### IDENTITY OF THE PARTIES

1. Petitioners, Rance Magee and Michelle Magee are citizens of the State of Michigan, County of St. Clair with a residence located in Emmett, Michigan.

2. Respondent(s) are residents of the State of Texas, County of Dallas with their Corporate Headquarters located in Texas.

### JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 for reasons set forth below.

2. Petitioner is a citizen of the State of Michigan.

3. Respondent(s) are incorporated the State of Texas. There is a complete Diversity of Citizenship between Petitioner and Respondent(s).

4. Petitioner seeks to confirm an arbitration award of which exceeds $ 75,000.00.

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS

**MEMORANDUM OF LAW**

RANCE MAGEE & MICHELLE MAGEE, ET AL

                                        PETITIONERS,

v.

MR. COOPER, ET AL.

                                        RESPONDENT(S)

This memorandum is submitted on behalf of Petitioners Rance Magee & Michelle Magee in support of this motion, pursuant to 9 U.S.C. § 9, to confirm an arbitration award. this motion should be granted and the award confirmed into a judgment because the arbitration was in all respects proper and the award is final and legally binding upon all parties.

**STATEMENT OF FACTS**

On or about October 09, 2018; Petitioners Rance Magee & Michelle Magee and Respondent(s) entered into an agreement which provided that the parties would settle any dispute arising out of the agreement by arbitration according to Keisha Jones, Arbitrator.

**PROCEDURAL BACKGROUND**

Petitioner filed an arbitration claim with SITCOMM Arbitration Association claiming $ 558,406.00 in damages due to Petitioner. On January 17, 2019 the arbitrator issued Petitioner an award of $ 558,406.00. Petitioner now moves to confirm this award.

**EXPLANATION**

The Federal Arbitration Act, 9 U.S.C. § 9; provides that "within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming

the award and thereupon the court must grant such an order unless the award is vacated, modified, or corrected. Accordingly, the court has the obligation to confirm Petitioner's arbitration award into a judgment. See *Doctor's Assocs., Inc. v. Casarotto*, 116 s. Ct. 1652, 1657 (1996) (stating the purpose of the federal arbitration act is to ensure that private agreements to arbitration are enforced); *Allied Bruce Terminix Cos. v. Dobson*, 115 s. Ct. 834, 838 (1995) ("[t]he basic purpose of the federal arbitration act is to overcome courts' refusals to enforce agreements to arbitrate.") *Southland Corp. v. Keating*, 465 U.S. 1, 15-16 (1984) ( holding the federal arbitration act preempts state law and state courts cannot apply state statutes that invalidate arbitration agreements).

The standard of review of an arbitrator's decision by the court is very narrow. The scope of review is limited and the court will not examine the validity of the decision except to the extent that the award exceeds the agreement of the parties. See *Burchell v. Marsh*, 58 U.S. 344, 349 (1854) (stating the appropriate scope of judicial review is whether the award is the honest decision of the arbitrator, made within the scope of the arbitrator's power, and that a court will not otherwise set aside an award for error, either in law or fact); *Coast Trading Co. v. Pacific Molasses Co.*, 681 F 2d 1195, 1197-98 (9th Cir. 1982).

Accordingly, Justice Kavanaugh of the Supreme Court expressed his opinion as "We must interpret the act as written and the Act in turn requires that we interpret the contract as written. When the parties' contract delegates the arbitrability question to an arbitrator, a court may not override the contract. In those circumstances, a court possesses no power to decide the arbitrability issue. That is true even if the court thinks that the argument that the arbitration agreement applies to a particular dispute is wholly groundless."

Further, Kavanaugh continued; "That conclusion follows not only from the text of the Act but also from precedent. We have held that a court may not "rule on the potential merits of the underlying" claim that is assigned by contract to an arbitrator, "even if it appears to the court to be frivolous." A court has "no business weighing the merits of the grievance" because the "agreement is to submit all grievances to arbitration. Not merely those which the court will deem meritorious." AT&T Technologies principle applies with equal force to the threshold issue of arbitrability. Just as a court may not decide a merits question that the parties have delegated to an arbitrator.

Here, the arbitrator(s), having considered the pleadings and other evidence presented at the hearing, determined that each Respondent is liable to Petitioner for $ 558,406.00  The arbitrator also determined that Respondent(s) have no past, present or future claim against Petitioner's property. There are no grounds for vacating, modifying, or correcting an arbitration award enumerated in 9 U.S.C. §§ 10-11 which exist and Respondent(s) have not made any motion to vacate, modify, or correct the award.

## CONCLUSION

Petitioner respectfully requests an order confirming an arbitration award into a judgment for the amount of $ 558,406.00 for Petitioner and against each Respondent and an order releasing Respondent(s) past, present and future claims against Petitioner's property and return any and all properties held in any manner.

Dated:  November 22, 2019

_____
Rance Magee, Petitioner

_____
Michelle Magee, Petitioner

## CERTIFICATE OF SERVICE

I, Rance Magee, being at or above the age of 18, of the majority a citizen of the United States of America, did mail the documents entitled:

Motion to Confirm Arbitration Award
Memorandum of Law
Civil Cover Sheet
Arbitration Award
Contracts

by placing them in an envelope addressed to: Name and address:

United States District Court
For the Northern District of Texas
George Mahon Federal Building
1205 Texas Ave., Rm 306
Lubbock, TX 79401-4002

Mr. Cooper
8950 Cyprus Waters Blvd
Coppell, Texas 75019

GMAC Mortgage
100 Witmer Road
Horsham, PA 19044

Nationstar Mortgage
8950 Cyprus Waters Blvd
Coppell, TX 75019

Ocwen Financial
1661 Worthington Road, Ste 100
West Palm Beach, FL 33409

Fannie Mae
1100 15th Street N.W.
Washington, D.C. 20005

Affixing the proper postage and depositing it with the local postal carrier, also being of the age of the majority, and not a party to this action who upon receipt guarantees delivery as addressed and/or local drop box guaranteeing the same as prescribed in law. If called upon I provide this sworn testimony based on first-hand knowledge of the aforementioned events attesting and ascribing to these facts on this day November 22, 2019.

*Rance Magee* (signature)
Rance Magee

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Rance & Michelle Magee, Et Al.

**DEFENDANTS**
Mr. Cooper, Et Al.

(b) County of Residence of First Listed Plaintiff: **St. Clair**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: **Dallas**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
1

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☐ 2  U.S. Government Defendant
- ☐ 3  Federal Question *(U.S. Government Not a Party)*
- ☒ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 861 HIA (1395ff) | ☐ 485 Telephone Consumer Protection Act |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| | | | | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☒ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☐ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
**Title 9 U.S.C. Sections 1-16.**

Brief description of cause:
**Confirm Arbitration Award- Misc Filing**

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE                                      DOCKET NUMBER

DATE                                       SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #           AMOUNT              APPLYING IFP              JUDGE              MAG. JUDGE

**UNITED STATES POSTAL SERVICE**

Retail

US POSTAGE PAID
$7.35
Origin: 48014
11/29/19
2514800014-04

PRIORITY MAIL 2-DAY®

0 Lb 4.90 Oz
1006

EXPECTED DELIVERY DAY: 12/02/19

C067

SHIP TO:
1205 TEXAS AVE
RM 306
LUBBOCK TX 79401-4016

USPS TRACKING® NUMBER

9505 5103 9376 9333 1485 09



EP14F Oct 2018
OD: 12 1/2 x 9 1/2

PS00001000014

USPS.COM/PICKUP

FROM:
Rance & Michelle Magee Et Al
11294 Rose Road
Emmett Michigan 48022

TO:
United States District Court
for the Northern District of Texas
George Mahon Federal Building
1205 Texas Ave RM 306
Lubbock, TX 79401-400[?]

* Domestic only.   * For Domestic shipments, the maximum weight is 70 lbs. For International shipments, the maximum weight is 4 lbs.