Rance Magee
Michelle Magee
11294 Rose Road
Emmett, Michigan 48022

MAGEE-02152020

CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED

**THE DISTRICT COURT OF THE UNITED STATES** 2020 FEB 24   AM 10: 09
**IN AND FOR THE DISTRICT OF TEXAS**

DEPUTY CLERK _____

RANCE MAGEE & MICHELLE MAGEE, ET AL.,

                   Petitioner(s)

v.

MR. COOPER, ET AL.,

                   Respondent(s)

Case No.:  5:19-mc-017-H

**REQUEST FOR CLARIFICATION &**

**CHALLENGE TO JURISDICTION**

 

**COMES NOW**, the Petitioner(s) Rance Magee and Michelle Magee before this honorable

court to petition for clarification referencing the court ORDER dated on or about September 09,

2019 and the Order dated December 12, 2019.

## I.    BACKGROUND

1.  On November 22, 2019 Petitioner(s) filed a Motion to Confirm Arbitration Award in

accordance with the terms and conditions of the contractual agreement between the parties and

under the jurisdiction of the Federal Arbitration Act (Hereinafter "FAA").

2.  It is noted that the Respondent(s) filed an opposition yet they failed to note that they

intentionally did not participate in the arbitration hearing.  Also, Respondent(s) did not file a

Motion to Vacate within the specified time frame of ninety (90) days of receipt of the award as

required by 9 U.S.C. § 9.[1]

---

[1] 9 U.S.C. § 9.  "If the parties in their agreement have agreed that a judgment of the court shall be entered upon the
award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award
is made any party to the arbitration may apply to the court so specified for an order confirming the award, and
thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in
sections 10 and 11 of this title.  If no court is specified in the agreement of the parties, then such application may be
made to the United States court in and for the district within which such award was made.  Notice of the application
shall be served upon the adverse party, and thereupon the court shall have jurisdiction of such party as though he had
appeared generally in the proceeding.  If the adverse party is a resident of the district within which the award was

MAGEE-02152020

Rance Magee
Michelle Magee
11294 Rose Road
Emmett, Michigan 48022

3.  The Court erred when it accepted the opposition motion from Respondent(s).  The FAA

requires that a burden of proof be exhibited by the Respondent(s):

"The party (not the court, as the court is not a party with respects the instant issue

challenging enforcement of the arbitration award has the burden of proof."[2]

4.  The Respondent(s) have recognized receipt of all documentation along with their duty to

respond and such a duty, when specific; equates to assent if there is no timely

objection/rejection.  "Under general principles of contract (law) a bargained-for-exchange exists

if one party's promise includes the other party's promise or performance... finding that a valid

arbitration (agreement) clause included in an agreement (performance contract) mailed with each

(contract-conditional acceptance) sent Respondent(s)... A party cannot avoid the terms of a

contract by failing to read them."[3]

5.  In fact, under the law and equity provision of 9 U.S.C. § 1 "receipt of physical (contract)

document {2015 U.S. Dist. Lexis 16} containing contract terms or notice thereof is frequently

deemed in the world of paper transactions, a sufficient circumstance to place the offeree on

inquiry notice of those terms.'" *Murphy v. Direct T.V. Inc.*, No. 2:07-cv-06465-JHN, 2011 U.S.

Dist. Lexis 87225, 2011 WL 3319574 at *2 (C.D. Cal. Aug. 2011); "agreeing that competent

adults are bound by [consumer agreements], read or unread" aff.'a, 724, F.3d 1218, 1225 n.4 (9th

Cir. 2013).  Petitioner(s) further notes that it has long been held that:

---

made, such service shall be made upon the adverse party or his attorney as prescribed by law for service of notice of
motion in an action in the same court.  If the adverse party shall be a nonresident, then the notice of the application
shall be served by the marshal of any district within which the adverse party may be found in like manner as other
process of the court."
[2] *21st Fin. Serv's., LLC., v. Manchester Fin. Bank*, 747 F.3d 331, 336 (5th Cir. 2014).
[3] *Hartbarger*, 200 III App. 3d 1000, 558 N.E. 2d 596, 604, 146 III Dec. 633 (III App. 1990); see also: Restatement
(Second) of Contracts § 71 (see comment b at 173); *Bischoff*, 180 F.Supp.2d 1097, 1103-1105 (C.D. Ca. 2002);
*Knutson*, 771 F.3d at 567; *Specht*, 306 F.3d 17, 31 (2nd Cir. 2002).

Rance Magee
Michelle Magee
11294 Rose Road
Emmett, Michigan 48022

6.   "Arbitrator's derive their authority to resolve disputes only because the party's agreed in advance to submit such grievances to arbitration (*AT&T Comm.*, 475 US 643, 648-649 (1996)… Because the (plaintiff's offer) clearly provides a mechanism for rejecting (plaintiff's) offer.  Thus (Respondent's) had a reasonable opportunity to reject (plaintiff's) offer… (By the Respondent's defaulting in their duty of obligation to respond, or to reject within timely manner, amounts to performance, act(s), assent to term's of the agreement)… the Respondent's conduct amounts to assent.'" *Hill*, 105 F.3d. 1147-1149 (7th Cir. 1997).

7.   The court noted that "*Hill*" admitted to receiving the form contract, but failed to read it… **"Where a letter is properly addressed and mailed (as is the case at present) there is a presumption that it reached its destination in usual time and was actually received by the person to whom it was addressed.'"** *Hagner*, 286 US 427, 430, 76 L. Ed. 861, 52 S. Ct. 417 (1932).

8.   The Court erred when it failed to rebut the presumption that notification was mailed and did not place the burden upon the opposing party to prove non-receipt, which would require a hearing supported by proof of non-receipt; note:

"The court <u>must presume</u> a letter properly addressed was received (*Godfrey*, 997 F.2d 335, 338 (7th Cir. 1993).  'We (meaning "the courts") have held that "take it-or-leave it" offer's are agreements (contracts to perform, act or not act constituting assent) for he purpose of the arbitration act.'"[4]

## II.   APPLICATION OF THE ACT

9.   The Federal Arbitration Act (Hereinafter "FAA") 9 U.S.C. § 1-16; 201-216; and 301-

---

[4] *Koveleskie*, 167 F.3d 361, 367 (7th Cir. 1999); *Hill*, 105 F.3d 1147-1149 (1997).

Rance Magee
Michelle Magee
11294 Rose Road
Emmett, Michigan 48022

316; sets out the legislative intent and framework for the enforcement of arbitration agreements and arbitration awards in the United States.[5]

10. Passed by the United States Congress in 1925[6], the FAA was intended to ensure agreements to arbitrate that involved commercial activity were valid, irrevocable and enforceable; saved upon such grounds as exist at law or in equity for the revocation of contracts.[7]

11. In 1984 the Supreme Court made clear that it was Congress' intention by creating and enacting the FAA that of overcoming the continuing judicial hostility toward arbitration.[8] Since that time, the Supreme Court, by its multiple decisions; implemented a 'national policy favoring arbitration.'[9] The FAA requires courts to strictly enforce arbitration agreements.

12. The Supreme Court continues to hold 'that courts may only consider a party's specific challenge that the agreement was procured by fraud, any general challenge was to be decided by the arbitrator.' See: *Prima*, 388 US at 395 (1967).

    a.  This is known as the 'Severability Doctrine,' separately the arbitration clause from the entire contract when a challenge is alleged concerning fraud claim. Thus, greatly curtailing the courts involvement in deciding contract challenges such as fraud and duress where a contract contains an agreement to arbitrate (Id. At 402-03).

13. If two parties agree in writing to the arbitration of contract – related disputes, that

---

[5] 'The Arbitration Act creates a body of Federal Substantive Law… applicable to state and federal court' – *Southland Corp. v. Keating*, 465 US 1, 14 (1984). See also: *Southland*, 465 US at 10; *Prima Paint Corp. v. Food & Conklin Mfg. Co.*, 388 US 395 (1967).
[6] Ibid.
[7] 9 U.S.C. § 1, 2; Commerce Clause; 'In enacting [The FAA], Congress declared a 'national policy' favoring arbitration and withdrew the power of the courts to call or require a judicial forum for the resolution of claims which contracting parties agreed to resolve by arbitration.
[8] Arbitration is an Alternative Dispute Resolution (ADR) process, governed by Administrative Law as prescribed & codified in the FAA, 9 U.S.C. § 1-16, 201-216- 301-316. The courts are limited in their ability to interfere with the parties right to contract and to utilize an arbitrator rather than a court to resolve their disputes. See *Rent-A-Center, West*, 561 U.S. at 63, 68-70 and *First Option*, 514 U.S. at 938, 940-944.
[9] Ibid.

Rance Magee
Michelle Magee
11294 Rose Road
Emmett, Michigan 48022

agreement is always severable form the rest of the contract and is 'the only part of the agreement

that a court may consider' *Buckeye Check Cashing, Inc. v. Cardegna*, 546 US 440-446 (2006).

Also, "It is true, as Respondents assert, that Prima Paint Rule permits a court to enforce an

arbitration agreement in a contract that an arbitrator later finds void…regardless of whether the

challenge is brought in federal or state court, a challenge to the validity of the contract as a whole

and not specifically to the arbitration clause, must go to the arbitrator.'

14. In *Rent-A-Center, West v. Jackson* (2010), the United States Supreme Court continued to

uphold the arbitrator's power to resolve contract challenges raised by parties seeking judicial

review of such challenges, stating that 'the arbitrator rather than the court would decide all

questions of arbitrability, including any gateway challenge's to the validity of arbitration clause

is the agreement itself.[10]

15. Waivers contained in the arbitration clause such as a party waiving any right to challenge

once in default and/or agreeing to the terms of the agreement based upon conduct was not

'unconscionable,' holding that individualized proceedings are inherent and necessary elements of

arbitration and do not permit blanket rules banning such provisions and/or waivers.[11]

16. The Supreme Court held that unconscionability laws in this context were invalid, this

despite the fact that unconscionability is a ground that exists at law or in equity for the

revocation of contracts.[12]

17. The court held that 'we are well past the time for judicial suspicion of the desirability of

---

[10] *Rent-A-Center, West v. Jackson*, 130 S. Ct. 2772, 2779 (2010).
[11] *AT&T Mobility LLC., v. Concepcion*, 131 S. Ct. 1740, 1750-52 (2011).
[12] Ibid.

Rance Magee
MAGEE-02152020
Michelle Magee
11294 Rose Road
Emmett, Michigan 48022

arbitration and of the competence of arbitration tribunals inhibited the development of arbitration

as an alternative means of dispute resolution.[13]

18. The Supreme Court has reinforced the F.A.A.'s 'liberal policy favoring arbitration,' when

considering a court's <u>limited</u> powers to vacate an arbitration award.[14]

19. The court has allowed and/or permitted a party claiming that they were not a party to a

contract to allege grounds challenging the arbitration tribunal. The arbitration clause and

contract is between the parties. If the parties have agreed to arbitration and that party is

dissatisfied with an adverse judgment, the F.A.A. holds that agreement and award to be

irrevocable.[15]

20. In 2008, the Supreme Court confirmed the four (4) very limited grounds listed in the

F.A.A. for vacating an arbitral award and therefore subject to vacatur under the F.A.A.:

Fraud by opposing party in securing the award and fraud must have all elements proved

by the party raising the claim (9 U.S.C. § 10 (a)(1));

The tribunal's corruption or evident partiality to one of the parties, where the contract has

the party's agreeing to arbitrator, proof of actual corruption and/or partiality must be

readily present by factual evidence, a hearing and opportunity to confront such evidence,

present witnesses, etc., (9 U.S.C. § 10 (a)(2));

---

[13] *Hall St. Assoc., LLC v. Mattel*, 552 US 576, 588 (2008). 'Noting that 'the national policy favoring arbitration,' requires just the limited review needed to maintain arbitrations essential value of resolving disputes straightaway.'
[14] Ibid.
[15] 9 U.S.C.§ 13. "The party moving for an order confirming, modifying, or correcting an award shall, at the time such order is filed with the clerk for the entry of judgment thereon, also file the following papers with the clerk: (a) The agreement; the selection or appointment, if any, of an additional arbitrator or umpire; and each written extension of the time, if any, within which to make the award. (b) The award. (c) Each notice, affidavit, or other paper used upon an application to confirm, modify, or correct the award, and a copy of each order of the court upon such an application. The judgment shall be docketed as if it was rendered in an action.
The judgment so entered shall have the same force and effect, in all respects, as, and be subject to all the provisions of law relating to, a judgment in an action; and it may be enforced as if it had been rendered in an action in the court in which it is entered."

Rance Magee
Michelle Magee
11294 Rose Road
Emmett, Michigan 48022

MAGEE-02152020

Misconduct by the tribunal in granting and/or issuing the award. This also shifts the

burden of proof on the party bringing forth the claim (9 U.S.C. § 10 (a)(4)); that the

arbitrator exceeded its powers, acted outside the scope of the authority delegated in the

arbitration agreement.

21. Elements of Arbitration

A contract must exist, whereby the:

Parties are competent;

Parties agree and agreement is doable and fair;

That the agreement is workable;

That the parties performed a provision…; and

That there is an expiration date.

22. Unilateral contracts such as "Point & Click," "Click & Slide," whereby parties consent to

the agreement by performance, after having knowledge of the agreement are cognizable under

contract law. Note: "The United States has adopted the Restatement (SECOND) of Contracts in

the construction and interpretation of contracts and agreements with the United States.

Stipulations are contractual in nature and subject to federal common law."

23. If the contract contains an arbitration clause, then the governing law is the F.A.A. where

commerce is an element (9 U.S,.C. § 1, 2).

24. If the arbitrator is named in the agreement the parties are bound by the agreement

unless a party can prove one of the exceptions listed in the F.A.A. (9 U.S.C. § 10, 11).

25. Any question as to arbitration, arbitration clause, the contract as a whole is delegated by

the parties in the agreement, must be settled by the arbitral process as agreed by the parties to the

agreement.

Rance Magee
Michelle Magee
11294 Rose Road
Emmett, Michigan 48022

26. The parties once notified by the arbitrator of the arbitration hearing, may waive appearance, however; the parties are bound contractually to the decision of the arbitrator.

27. If an award is issued, the parties have ninety (90) days to contest such an award as prescribed by the F.A.A. (9 U.S.C. § 7, 9). Should the parties allow and/or permit the ninety (90) days to elapse they are then time-barred from any future challenges, the Plaintiffs and the court is time barred and the opinion of the court violates the F.A.A. Time-barred is time-barred, which was not waived.

28. If the right to challenge arbitration award is waived (by the agreement) and a party later breaches the provision they may be subject to a subsequent arbitration hearing and a secondary award issued concerning additional breach.

29. Accordingly, 9 U.S.C. § 9 permits the parties to apply to the court (named in agreement) to confirm the award, at which time "the court must confirm the award."

30. The courts have continuously upheld that "Click & Slide," and "Point & Click" contracts are valid, whereby a party was notified and failed to disaffirm. This too would be a matter of contract subject to arbitration, if a prior agreement exists and acceptance is conditional.

31. The American Arbitration Association, the F.O.R.U.M. and J.A.M. each utilized by the courts and major corporations often decide on unilateral contracts, whereby the parties were duly notified (in this instance the arbitration association mails a copy of the contract, application for arbitration, proof of service, to eliminate any party's due process right being violated. No other arbitration association provides such notice. The defaulting party has ten (10) calendar days to disaffirm, if they can definitively prove that they were never served or not notified of the initial contract which is binding. See: "*Frontier*" decision.

32. Therefore, the following questions arise (to be construed as federal questions):

Rance Magee
Michelle Magee
11294 Rose Road
Emmett, Michigan 48022

MAGEE-02152020

    a.  Is this court stating that the contract does not contain an arbitration clause and commerce clause granting 'exclusive jurisdiction, under the F.A.A?

    b.  Is this court stating that the parties did not, as a matter of contract; agree with the selection of the arbitrator?

    c.  Is this court stating that the opposing party has supplied proof, verified and sworn by the affidavit; facts of law that exhibit any possibility of fraud?

    d.  Is this court stating that the opposing party had no knowledge of contract and/or arbitration agreement prior to the hearing and/or issuance of the arbitration award?

    e.  Is this court stating that the opposing party asked for an extension respecting the hearing date for arbitration and was denied?

    f.  Is this court stating that after the opposing party was notified of the hearing and failed to appear, that they may later challenge, although they waived such a due process right; as permitted in law and equity?

33. The court may not aid a wrong doer. The opposing party failed to participate in the arbitration process, after receipt of proper notification. The contract was delivered on at least two (2) occasions, is a matter of record, no specific challenge was made and thus the court is without jurisdiction to entertain challenge as the proper jurisdiction is prescribed by contract and the F.A.A.

34. The court is without jurisdiction to hear any challenge to the contract or the award due to the opposing party's waivers and is time barred.

35. The court may only act within the jurisdiction mapped out for it in law, the F.A.A. is the

Rance Magee
Michelle Magee
11294 Rose Road
Emmett, Michigan 48022

law.  The jurisdiction of the court may be challenged at any time.  I do hereby challenge the

court's jurisdiction and petition that the court answer these lawful questions so as to help clear up

the existing confusion.

36. The aforementioned is presented in line with the Federal Arbitration Act and the contract

between the parties.  The arbitrator held, as ordained by the agreement's arbitration clause; that

the contract is "valid," "binding," and "irrevocable" (9 U.S.C. § 1, 2).

This Affidavit is truthful, verified and based on firsthand information, affirmed and attested as

such on this 17th day of February 2020; so help me God.


_____
Rance Magee, Petitioner

_____
Michelle Magee, Petitioner

Rance Magee
Michelle Magee
11294 Rose Road
Emmett, Michigan 48022

MAGEE-02152020

## ALL PURPOSE PROOF OF SERVICE

I, Rance Magee; being at or above the age of 18, of the majority and a citizen of the

United States of America, did mail the following document: Request for Clarification

By placing it in an envelope addressed to:

United States District Court
Northern District of Texas
1205 Texas Ave., Rm 306
Lubbock, TX 79401-4002                 U.S.P.S. Priority Mail 9405511699000656578048

Mr. Cooper
8950 Cyprus Waters Blvd
Coppell, Texas 75019                   U.S.P.S. First Class Mail

GMAC Mortgage
100 Witmer Road
Horsham, PA 19044                      U.S.P.S. First Class Mail

Nationstar Mortgage
8950 Cyprus Waters Blvd
Coppell, TX 75019                      U.S.P.S. First Class Mail

Ocwen Financial
1661 Worthington Road, Ste 100
West Palm Beach, FL 33409              U.S.P.S. First Class Mail

Fannie Mae
1100 15th Street N.W.
Washington, D.C. 20005                 U.S.P.S. First Class Mail

Affixing the proper postage and depositing it with the local postal carrier, also being of
the age of the majority, and not a party to this action who upon receipt guarantees delivery as
addressed and/or local drop box guaranteeing the same as prescribed in law.  If called upon I
provide this sworn testimony based on first-hand knowledge of the aforementioned events
attesting and ascribing to these facts on this day February 17, 2020.

/s/ Rance Magee



This envelope is made from post-consumer waste. Please recycle - again.

*PRESS FIRMLY TO SEAL*          *PRESS FIRMLY TO SEAL*

PRIORITY MAIL
FLAT RATE
POSTAGE REQUIRED



**PRIORITY® MAIL**

- Date of delivery specified*
- USPS TRACKING™ included to many major international destinations.
- Limited international insurance.
- Pick up available.*
- Order supplies online.*
- When used internationally, a customs declaration label may be required.

  \* Domestic only



EP14F Oct 2018
OD: 12 1/2 x 9 1/2

P S 00001000014

To schedule free
Package Pickup,
scan the QR code.



USPS.COM/PICKUP

**UNITED STATES POSTAL SERVICE®**



| US POSTAGE & FEES PAID | 062S0009993642 |
|---|---|
| PRIORITY MAIL | 10332928 |
| FLAT-RATE ENVELOPE | FROM 48444 |
| ComPlsPrice | |

stamps
endicia
02/19/2020

**PRIORITY MAIL 2-DAY™**

Rance Magee
Rance Magee
131 E 3rd Street
Imlay City MI 48444-1319          C067

SHIP TO: United States District Court
1205 Texas Avenue, Room 209
Lubbock TX 79401-4027

RECEIVED

FEB 2 4 2020

CLERK, U.S. DISTRICT OF TEXAS
NORTHERN DISTRICT OF TEXAS

**USPS TRACKING #**



9405 5116 9900 0656 5780 48

This packaging is the property of the U.S. Postal Service® and is provided solely for use in sending Priority Mail® shipments.
Misuse may be a violation of federal law. This packaging is not for resale. EP14F © U.S. Postal Service October 2018: All rights reserved.

\* Domestic only.   \* For Domestic shipments, the maximum weight is 70 lbs. For International shipments, the maximum weight is 4 lbs.