UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

RANCE MAGEE, et al.,

    Plaintiffs,

v.

NATIONSTAR MORTGAGE, LLC, et al.,

    Defendants.

No. 5:19-MC-017-H

## MEMORANDUM OPINION AND ORDER

On December 4, 2019, plaintiffs Rance and Michelle Magee moved to confirm a purported arbitration award issued by the Sitcomm Arbitration Association. *See* Dkt. No. 1. Sitcomm's "arbitration" found that numerous financial institutions and government officials—including Nationstar Mortgage, LLC—had breached a contract with the Magees. *See* Dkt. No. 1-1 at 2, 27. Subsequently, the Magees supplemented their filing by providing additional documents required by the Federal Arbitration Act (FAA), including the alleged arbitration agreement. *See* Dkt. No. 5. Nationstar Mortgage opposes the motion, arguing that it never agreed to arbitrate with the Magees and that the award was obtained by fraud. *See* Dkt. No. 3 at 5. Accordingly, it moved for the Court to deny the Magees' motion and vacate the arbitration award. *Id.* For the reasons set forth below, the Court denies the Magees' motion, vacates their award, and refers this order to the United States Attorney's Office for the Northern District of Texas and to the Attorney General Offices of Michigan, Mississippi, Hawaii, Virginia, Georgia, Wyoming, and Nevada.

1. **Factual Background**

This is one of the many cases in recent months where a court has repudiated an arbitration award made by Sitcomm. *See, e.g.*, *Nichols v. U.S. Bank, National Association*, 2020 WL 61049 (S.D. Miss. Jan. 6, 2020); *Meekins v. Lakeview Loan Servicing, LLC*, 2019 WL 7340300 (E.D. Va. Dec. 30, 2019); *Kalmowitz v. Federal Home Mortgage Corporation*, 2019 WL 6249298 (E.D. Tex. Oct. 22, 2019); *Brown v. Ally Financial, Inc.*, 2019 WL 6718672 (S.D. Miss. Dec. 10, 2019); *U.S. Bank, National Association v. Nichols*, 2019 WL 4276995 (N.D. Okla. Sept. 10, 2019). These courts have expressed skepticism regarding whether Sitcomm is a valid arbitration entity, and the Court knows of at least one lawsuit filed against Sitcomm in the Southern District of Mississippi by a financial institution alleging that Sitcomm and its associates have engaged in a far-reaching, fraudulent arbitration scheme. *See PennyMac Loan Services, LLC v. Sitcomm Arbitration Association*, No. 2:19-CV-193 (S.D. Miss. Feb. 4, 2020). Other courts that have dealt with arbitration awards from Sitcomm have comprehensively detailed the contours of the scheme, and the Court notes that the Magees' filings are virtually identical to those made in other cases. For completeness, the Court briefly recaps the events preceding the Magees' motion to confirm.

On January 17, 2019, the Magees allegedly mailed a document titled "Show of Cause Proof of Claim Demand" to eleven "respondents," including numerous financial institutions, the Attorney General of Michigan, the United States Department of Justice, and the United States Supreme Court. *See* Dkt. No. 5 at 3. The document purported to be an acceptance and counteroffer to a previous, undisclosed offer. *Id.* at 4. It further demanded that the respondents respond to the litany of claims in the document within ten days or else admit to all of the Magees' claims by "tacit acquiescence." *Id.* at 12–13. The

document also contains an "arbitration clause" calling for disputes to be settled by an arbitrator selected by the Magees. *Id.* at 14.

After no answer was received, Sitcomm mailed "Notice of Arbitration Hearing" to various parties on May 18, 2019. *Id.* at 19–20. These parties did not participate in Sitcomm's "arbitration," which yielded a "Final Arbitration Award." *See* Dkt. No. 1-1. The arbitration award contains no factual findings concerning the underlying "dispute" and includes a host of bizarre assertions. *See, e.g., id.* at 5 ("The Respondents . . . have . . . acted against the interest of the Claimant's [sic], depriving them of their right to property, their right to contract, the right to The Pursuit of Happiness and the enjoyment of life."). Much of the award focuses on attempting to convince the reader of its "irrevocable" and "binding" nature. *Id.* at 22. The document awarded the Magees $558,406 from each respondent. *Id.* at 21.

## 2. The Court denies the motion to confirm and vacates the purported arbitration award.

### A. Unenforceable Arbitration Agreement

An arbitrator's power derives from an arbitration agreement. *See Timegate Studios, Inc. v. Southpeak Interactive, LLC*, 713 F.3d 797, 802–03 (5th Cir. 2013). Thus, an arbitrator only has the power to grant an award if the parties have agreed to submit the matter to arbitration. *Id.* Under Texas law, a contract must be based on "a meeting of the minds on the essential terms of the contract, i.e., mutual assent." *USAA Texas Lloyds Company v. Menchaca*, 545 S.W.3d 479, 502 n.21 (Tex. 2018). This means that there must be mutual understanding and assent to the agreement regarding the subject matter and the essential terms of the contract. *Bandera County v. Hollingsworth*, 419 S.W.3d 639, 645 (Tex. App.—San Antonio 2013, no pet.).

Here, the arbitration agreement submitted by the Magees does not evince any mutual assent. *See* Dkt. No. 5 at 3–18. It is not signed by any of the parties named in the arbitration award, and Nationstar maintains that it is "not a party to any written contract with the Magees" to arbitrate any claims. *See* Dkt. No. 3-1 at 4. Instead, the Magees contend that Nationstar and the other parties "tacit[ly] acquies[ced]" to the terms of the arbitration agreement by failing to respond to their letter. *See* Dkt. No. 5 at 12–13. As other courts have made clear, this theory of contract formation is "contrary to hornbook contract law" and does not give rise to a valid agreement to arbitrate. *See Nichols*, 2019 WL 4276995, at *4; *see also Meekins*, 2019 WL 7340300, at *2.

Since Sitcomm Arbitration's award was not made pursuant to a valid arbitration agreement, the Court denies the Magees' motion to confirm.

### B. Award Procured Through Fraud

Nationstar asks for the Court to vacate the Magees' arbitration award under Section 10(a) of the FAA, which allows arbitration awards to be vacated when it was "procured by corruption, fraud, or undue means." *See* Dkt. No. 3 at 4–5. The Court vacates the Magees' award under this provision.

As in *Meekins*, the Magees "obtained an arbitration hearing by sending Respondents an incomprehensible agreement to arbitrate and using their non-response to initiate an arbitration." *See Meekins*, 2019 WL 7340300, at *3. This arbitration agreement was predicated on a "tacit acquiescence" theory of contract formation that flies in the face of contract doctrine. The Court does not believe that a legitimate arbitrator would accept such an agreement, and it joins other courts in expressing skepticism about the validity of Sitcomm as an arbitration entity. *See id.* at *3; *see also Schlihs v. United States*, 2020 WL

468876, at *1 n.1 (Fed. Cl. Jan. 29, 2020) (noting the "tarradiddle and lack of clarity" in Sitcomm's decisions); *Brown*, 2019 WL 6718672, at *3 n.1 (referring to Sitcomm arbitrations as "parts of a larger fraudulent enterprise"); *Kalmowitz*, 2019 WL 6249298, at *2; *Nichols*, 2019 WL 4276995, at *2. The Court finds that the Magees' arbitration award was procured by corrupt, fraudulent, and undue means, and therefore orders that it is vacated under Section 10(a).

**3. Conclusion**

The Court denies the Magees' motion to confirm with prejudice and grants Nationstar's motion to vacate. In doing so, the Court notes its concern with the extent and breadth of Sitcomm's seemingly fraudulent activity. Arbitration documents involving Sitcomm have been filed in federal courts throughout the nation. Along with the Northern District of Texas, they have appeared in the Eastern District of Texas, Eastern District of Virginia, Southern District of Mississippi, Northern District of Oklahoma, Northern District of Illinois, and Federal Claims Court. Using the court system to file fraudulent claims burdens defendants, wastes judicial resources, and weakens the public's perception of the judicial branch. Accordingly, the Court will alert the United States Attorney's Office for the Northern District of Texas and the Attorney General Offices of Michigan, Mississippi, Hawaii, Virginia, Georgia, Wyoming, and Nevada to Sitcomm's activities by forwarding this order.[1]

---

[1] Aside from Michigan, these are the states where the plaintiffs in the ongoing Southern District of Mississippi litigation allege that Sitcomm and their associates are from. *See PennyMac Loan Services, LLC v. Sitcomm Arbitration Association*, No. 2:19-CV-193, Pl. Compl. ¶¶ 7–13 (S.D. Miss. Dec. 11, 2019). Michigan is included because that is where the Magees say they live.

So ordered on March 11, 2020.

_____
JAMES WESLEY HENDRIX
UNITED STATES DISTRICT JUDGE